IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

EDWARD A. MATTHEWS,

    Plaintiff,

v.

DAVID J. MAHONEY,

    Defendant.

OPINION & ORDER

Case No. 18-cv-411-wmc

Plaintiff Edward Matthews is proceedings in this lawsuit defendant David J. Mahoney on a Fourteenth Amendment due process claim related to the water quality and lack of recreation time at the jail. On October 4, 2019, defendant filed a motion for summary judgment for failure to exhaust administrative remedies. (Dkt. #15.) For the reasons that follow, the court is granting defendant's motion for summary judgment, dismissing Bruno's claims without prejudice and denying Bruno's request to stay the deadlines in this case as unnecessary.

OPINION

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought . . . under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Generally speaking, a prisoner must "properly take each step within the administrative process" to comply with § 1997e(a). *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This includes following instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), *and* filing all necessary appeals,

*Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require," *Pozo*, 286 F.3d at 1025. Failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proven by the defendants. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

Defendant submitted Matthews' undisputed record of grievances at the Dane County Jail. Matthews did not file any grievance related to water quality or lack of recreation time at the Dane County Jail before filing his complaint in this court on May 29, 2018. Instead, he filed a grievance about the lack of recreation time on June 29, 2018, and one about the water quality on July 14, 2018, well *after* he filed this lawsuit. However, the Prison Litigation Reform Act makes it clear that prisoners may not file their federal lawsuit before completing the exhaustion process, so lawsuits *must* be dismissed even if the prisoner exhausts his administrative remedies while the lawsuit is pending. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) (holding that plaintiff "jumped the gun" by submitting a complaint before receiving a decision regarding his grievance). Matthews concedes that he failed to file a grievance related to recreation or water quality prior to filing this lawsuit, and responds to defendant's motion by requesting to re-file this action under this case number, with the understanding that he will be required to pay a new filing fee. While Matthews contends that this approach will waste the least amount of judicial resources and keep the trial schedule in-tact, defendant is entitled to judgment in his favor on his exhaustion defense. Therefore, the court will dismiss this lawsuit without prejudice. Matthews thus may re-file this lawsuit, but the court expresses no opinion as to whether

Matthews properly exhausted his claims by means of the June and July 2018 grievances or otherwise.

ORDER

IT IS ORDERED that:

1) Defendant David J. Mahoney's motion for summary judgment for failure to exhaust administrative remedies (dkt. #19) is GRANTED.

2) Plaintiff's claim in this lawsuit is dismissed without prejudice.

3) The clerk of court is directed to enter judgment accordingly and close this case.

Dated this 22nd day of November, 2019.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge